# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

CANAL INSURANCE
COMPANY,

_____PLAINTIFF,

vs.                                        CASE NO. CV 08-J-1063-NE

BUMBLE BEE EXPRESS, LLC,
SHERRY A. TEHRANI, MAGIS
M. TEHRANI; and LEE BURNELL,

     DEFENDANTS.

## <u>MEMORANDUM OPINION</u>

Pending before the court is plaintiff's motion for summary judgment (doc. 19), memorandum in support of its motion (doc. 20), and plaintiff's evidentiary submissions (doc. 21); defendants Bumble Bee Express, LLC, Sherry Tehrani and Magid Tehrani's opposition to plaintiff's motion (doc. 22); and the plaintiff's reply (doc. 26).[1]  Plaintiff also filed a request for oral argument (doc. 27).  The court finding that oral argument will not substantially assist the court, said request is **DENIED**.

The plaintiff filed this action under the Declaratory Judgment Act, 28 U.S.C. § 2201, asserting this court has diversity jurisdiction under 28 U.S.C. § 1332.

---

[1]Defendant Lee Burnell, having previously appeared *pro se*, has not filed any response to the plaintiff's motion for summary judgment.

Complaint, ¶¶ 6-7.  The plaintiff seeks to have this court determine whether its policy of insurance, issued to Sherry Tehrani DBA Bumble Bee Express on a 2003 Freightliner tractor, provides coverage for the claims of defendant Lee Burnell, currently pending in the Circuit Court of Santa Rosa County, Florida.  Bumble Bee Express, LLC, is a trucking company organized as a limited liability company in August 2007.  Plaintiff's exhibit B, ¶ 14.  Defendants Sherry Tehrani and Magid Terhani, along with non-parties Candice L. Tehrani and Sema Rizo are members of the LLC.  *Id.*, ¶¶ 14, 17.  Maghid Tehrani also works as a truck driver for the company and Sherry Tehrani works as a dispatcher and general office administrator for the company.  *Id.*, ¶¶ 17, 18.

## FACTUAL BACKGROUND

The court finds the relevant and undisputed facts of this case to be as follows:

In the state court action pending in the Circuit Court of Santa Rosa County, Florida,  Lee Burnell seeks to recover worker's compensation benefits for injuries he sustained when the 2003 Freightliner tractor, operated by him, was in a single vehicle accident.  *See* plaintiff's Exhibit A, *Burnell v. Bumble Bee Express, et al.*  He further asserts that his injuries were caused by defendants Bumble Bee Express, Inc., Sherry Tehrani and Magid Tehrani's (the "Bumble Bee defendants") negligence by failing

2

to properly maintain the tractor.[2]   *Id*. That alleged failure caused the transmission, engine and brakes to cease working while defendant Burnell was operating the vehicle, resulting in the single vehicle accident.   *Id*.   In the state court action, Burnell's Complaint alleges that defendants Sherry Tehrani and Magid Tehrani were the owners, operators, and/or directors of Bumble Bee Express, LLC, and that they each exercised control over the corporation.   Plaintiff's exhibit A, ¶¶ 4-5.   Burnell further alleges that Bumble Bee Express, LLC, Sherry Tehrani and Magid Tehrano were each an "employer" as defined by Florida law relevant to workers' compensation coverage.   *Id*., ¶ 6.   The state court complaint, although worded in one count, alleges two separate causes of action, namely a claim for worker's compensation benefits and a claim for negligently failing to properly maintain, repair and inspect the 2003 Freightliner provided to Burnell.   *See* plaintiff's exhibit A.   The plaintiff here is defending the state court action against Bumble Bee Express, LLC, Sherry Tehrani and Magid Tehrani under reservation of rights.   Complaint, ¶ 12.

In the application for the policy in question, Sherry Tehrani listed the vehicles on the policy as being owned by Bumble Bee Express LLC.   *See* exhibit C to plaintiff's motion for summary judgment.   However, both Maghid Tehrani and Sherry

---

[2]Although the state court complaint denotes Bumble Bee Express as "Inc.," the court finds all the evidence before it that Bumble Bee Express is organized as a limited liability company.

3

Tehrani testified that the tractor and trailer involved in the accident in question here was owned by Maghid Tehrani.  Plaintiff's exhibits B, ¶ 6; E, ¶ 6; and F, ¶ 6.

Plaintiff Canal Insurance Company ("Canal") issued a Commercial Auto and Commercial General Liability Policy to defendant Sherry Tehrani DBA Bumble Bee Express with an effective date of October 9, 2007, until canceled.  Exhibit C to plaintiff's motion (doc. 21).  That policy covered the tractor driven by defendant Burnell, an employee of defendant Bumble Bee Express, LLC.  Complaint, ¶ 12.  On December 12, 2007, while working for defendant Bumble Bee Express, LLC, defendant Burnell was injured when the tractor malfunctioned and traveled off the road and through a ditch.   Exhibit A to motion for summary judgment,  ¶ 25.

Plaintiff asserts that under the insurance policy in effect at the time of the accident, no coverage exists for defendant Burnell's injuries, based on exclusions for workers' compensation and employees' injuries.  The policies name "Sherry Tehrani DBA Bumble Bee Express" as the "named insured."

The Business Auto Coverage Form states that

> We will pay all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies, caused by an "accident" and resulting from the ownership, maintenance or use of a covered "auto"....

Exhibit C to plaintiff's motion for summary judgment.   The policy then states that:

This insurance does not apply to any of the following:

....

### 3.  Workers' Compensation
Any obligation for which the "insured" or the "insured's" insurer may be held liable under any workers' compensation, disability benefits or unemployment compensation law or any similar law.

### 4.  Employee Indemnification And Employer's Liability
"Bodily injury" to:
a.  An "employee" of the "insured" arising out of and in the course of:
    (1) Employment by the "insured"; or
    (2) Performing the duties, related to the conduct of the "insured's" business.

### 5. Fellow Employee
"Bodily injury" to any fellow "employee" of the "insured" arising out of and in the course of the fellow "employee's" employment or while performing duties related to the conduct of your business.

*Id*.  The policy further lists an Occupant Hazard Exclusion Endorsement which states:

The following exclusion is added:
14.  "Bodily injury" sustained by any person while in or upon, entering or alighting from the "auto."

*Id*.  The Commercial General Liability coverage form contains similar language.  It states under Coverage A, Bodily Injury and Property Damage Liability, that

We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies.  We will have the right and duty to defend the insured against any "suit" seeking those damages.  However, we will

5

have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply....

*Id.* That coverage form contains exclusions which state

This insurance does not apply to

**d.  Workers' Compensation**
Any obligation for which the "insured" or the "insured's" insurer may be held liable under any workers' compensation, disability benefits or unemployment compensation law or any similar law.

**e.  Employer's Liability**
"Bodily injury" to:
(1) An "employee" of the "insured" arising out of and in the course of:
(a) Employment by the "insured"; or
(b) Performing the duties, related to the conduct of the "insured's" business....

**g.  Aircraft, Auto or Watercraft**
"Bodily injury" or "property damage" arising out of the ownership, maintenance, use or entrustment to others of any aircraft, "auto" or watercraft owned or operated by or rented or loaned to any insured.  Use includes operation and "loading or unloading".

This exclusion applies even if the claims against any insured allege negligence or other wrongdoing in the supervision, hiring, employment, training or monitoring of others by that insured, if the "occurrence" which caused the "bodily injury" or "property damage" involved the ownership, maintenance, use or entrustment to others of any aircraft, "auto" or watercraft that is owned or operated by or rented or loaned to any insured.

*Id.*

The Bumble Bee defendants assert that defendant Sherry Tehrani qualifies as an "insured" under the policy and that none of the exclusions in the Commercial General Liability ("CGL") policy apply to her.  Defendants' response, at 5-6.  These defendants apparently concede that policy exclusions encompass the claims against defendant Bumble Bee Express, LLC.

## SUMMARY JUDGMENT STANDARD

A moving party is entitled to summary judgment if there is no genuine issue of material fact, leaving final judgment to be decided as a matter of law. *See* Federal Rule of Civil Procedure 56; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 1355-56 (1986); *Reeves v. C.H. Robinson Worldwide, Inc.*, 525 F .3d 1139, 1143 (11th Cir.2008). The facts, and any reasonable inferences therefrom, are to be viewed in the light most favorable to the non-moving party, with any doubt resolved in the non-movant's favor. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158, 90 S.Ct. 1598, 1609 (1970). Once met by the moving party, however, the burden shifts to the non-moving party to come forward with evidence to establish each element essential to that party' case sufficient to sustain a jury verdict. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552 (1986); *Earley v. Champion Int'l Corp.*, 907 F.2d 1077, 1080 (11th Cir.1990).

A party opposing a properly submitted motion for summary judgment may not rest upon mere allegations or denials of his pleadings, but must set forth specific facts showing that there is a genuine issue for trial. *Eberhardt v. Waters*, 901 F.2d 1578, 1580 (11th Cir.1990). In addition, the non-moving party's evidence on rebuttal must be significantly probative and not based on mere assertion or be merely colorable. *See* Rule 56(e); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50, 106 S.Ct. 2505, 2511 (1986). Speculation does not create a genuine issue of fact. *Cordoba v. Dillard's, Inc.*, 419 F.3d 1169, 1181 (11th Cir.2005).

## LEGAL ANALYSIS

The court must consider the evidence in the light most favorable to the nonmoving party and may not make credibility determinations nor weigh the parties' evidence. *Frederick v. Sprint/United Management Co.* 246 F.3d 1305, 1311 (11th Cir.2001); *Stewart v. Booker T. Washington Ins.*, 232 F.3d 844, 848 (11th Cir.2000). With these standards in mind, the court considers the pending motion.

In his state court complaint, defendant Burnell asserts that Sherry Tehrani and Magid Tehrani are owners, officers and/or directors of Bumble Bee Express, Inc.

Exhibit A to plaintiff's motion for summary judgment, ¶¶ 4-5.  He asserts that Sherry Tehrani, Magid Tehrani and Bumble Bee Express were his employers.[3]  *Id*., ¶¶ 6-7.

In their responses to the plaintiff's interrogatories, the Bumble Bee defendants assert that defendant Burnell was an employee of Bumble Bee Express, LLC.  Exhibit B to plaintiff's motion for summary judgment, ¶ 2.  The tractor and trailer operated by defendant Burnell at the time of the accident was owned by defendant Magid Tehrani.  *Id*., ¶ 6.  The parties agree that Burnell's injuries occurred while he was operating the vehicle within the line and scope of his employment.

The court considers whether, under the language of the insurance policy and the allegations in the state court complaint, there could be coverage under the Canal policy.  To determine an insurer's duty to defend its insured, a court looks to the language of the insurance policy and the allegations in the complaint filed against the insured.  *Thorn v. American States Ins. Co.*, 266 F.Supp.2d 1346, 1349 (M.D.Ala. 2002)("An insurer's duty to defend its insured is determined by the language of the insurance policy and by the allegations in the complaint filed against the insured.");  *Alfa Mutual Ins. Co. v. Morrison*, 613 So.2d 381, 382 (Ala.1993) ("The insurance

---

[3]The court finds the underlying state court action names Sherry and Magid Tehrani as defendants based on their status as owners, officers, and/or directors of defendant Bumble Bee Express.  See Exhibit A to plaintiff's motion for summary judgment, ¶¶ 4-5.  The complaint does not specify whether these claims are brought against Sherry and Magid Tehrani solely as officers or directors of Bumble Bee Express, or against them in their individual capacities for actions other than as officers and/or directors of Bumble Bee Express.

company's duty to defend its insured is determined by the language of the insurance policy and by the allegations in the complaint giving rise to the suit against the insured.") "If the allegations of the injured party's complaint show an accident or occurrence which comes within the coverage of the policy, the insurer is obligated to defend regardless of the ultimate liability of the insured." *Chandler v. Alabama Mun. Ins. Co.*, 585 So.2d 1365, 1367 (Ala.1991).  A court cannot consider the language in the policy in isolation, but must consider the policy as a whole.  *American Resources Ins. Co. v. H & H Stephens Const., Inc.*,  939 So.2d 868, 873 (Ala.,2006), citing *Turner v. United States Fidelity & Guar. Co.*, 440 So.2d 1026 (Ala.1983); *Nationwide Ins. Co. v. Rhodes*, 870 So.2d 695, 696-97 (Ala.2003) (quoting *State Farm Fire & Cas. Co. v. Slade*, 747 So.2d 293, 308-09 (Ala.1999)).

The plaintiff does not dispute that defendant Burnell's injuries arise from an "accident" as that term is defined by the policy.  The policy in question states that the insurer will pay all sums an insured must pay because of bodily injury caused by an accident and resulting from the ownership, maintenance or use of a covered vehicle. Therefore, Burnell's injuries are covered by the policy unless a policy exclusion dictates otherwise. The court turns, therefore, to the question of whether any of the policy exclusions, on their faces, eliminate coverage for the injuries at issue in the underlying lawsuit.

10

An exclusion in an insurance policy is a provision that eliminates coverage that would have existed in the absence of the exclusion. *Royal Ins. Co. of America v. Thomas*, 879 So.2d 1144, 1149 (Ala.2003); citing *Coppi v. West American Ins. Co.*, 247 Neb. 1, 11, 524 N.W.2d 804, 813 (1994). Under Alabama law, exclusions are interpreted as narrowly as possible, so as to provide maximum coverage for the insured, and are to be construed most strongly against the insurance company that drafted and issued the policy. *Cincinnati Ins. Co. v. Lee Anesthesia, P.C.,* 641 So.2d 247, 249 (Ala.1994); *Guaranty National Ins. Co. v. Marshall County Brd. of Ed.*, 540 So.2d 745, 748 (Ala.1989); *Alliance Ins. Co. v. Reynolds*, 494 So.2d 609 (Ala.1986). However, "insurance companies have the right to limit the coverage offered through the use of exclusions in their policies, provided that those exclusions do not violate a statute or public policy.... If an individual purchases a policy containing an unambiguous exclusion that does not violate a statute or public policy, courts will enforce the contract as written." *Alfa Specialty Ins. Co. v. Jennings*, 906 So.2d 195, 199 (Ala.Civ.App.2005), *quoting Hooper v. Allstate Ins. Co.*, 571 So.2d at 1002.

## A. Exclusions

The court finds at least four different clauses in the policy exclude coverage given the allegations of the underlying lawsuit.

### 1.  The Occupant Hazard Exclusion

The Occupant Hazard Exclusion, on its face, excludes coverage.  Because the 2003 Freightliner tractor is within the coverage of the policy, defendant Burnell was injured while "in or upon, entering or alighting from the 'auto'".  This is squarely within the Occupant Hazard Exclusion.  This is clear from the face of the policy, regardless of who is an "insured" under the policy.

### 2.  The Workers' Compensation Benefits Exclusion

The next consideration is whether there is coverage under the policy for defendant Burnell's claims concerning workers' compensation benefits.  Defendant Burnell asserts that the Bumble Bee defendants have failed to provide him workers' compensation benefits in accordance with Florida law.  Whether or not the Bumble Bee defendants are liable to defendant Burnell for workers' compensation benefits under Florida law is not relevant to the issue of whether the insurance policy issued by the plaintiff before this court provides any workers' compensation benefits.[4]   It

---

[4]The Bumble Bee Express defendants argue that because Sherry Tehrani was not defendant Burnell's "employer" at the time of the accident, the exclusion for workers' compensation benefits must fail.  Defendants' response, at 7.  If she is not his employer, she can have no liability for workers' compensation benefits.  The policy clearly states that it provides coverage for "all sums an 'insured' legally must pay." Exhibit C to plaintiffs' motion for summary judgment.  Either Sherry Tehrani is Burnell's employer, in which case she may be liable for workers' compensation benefits, although such liability is excluded from the policy, or she is not Burnell's employer, in which case she cannot be liable for workers' compensation benefits and hence there is no coverage because there is no sum she as an insured "legally must pay."

It should be noted however, that in the underlying state court complaint, Burnell alleges

does not.  The policy contains a clear exclusion from any liability for such benefits.

As succinctly explained by a court in Florida

> such exclusions as those found in appellant's policy, which are known as cross-employee exceptions and exclusions, are inserted in business policies for the benefit of the employer. An employer is required to protect its employees pursuant to the Workers' Compensation Statute, Chapter 440, Florida Statutes. The employer then protects the general public by purchasing a liability insurance policy. Because employees are already protected by workers' compensation, the insurance policy bought to protect the general public generally specifically excludes coverage for injuries covered by workers' compensation. The insurance policy premium would necessarily be higher were this not so. These cross-employee provisions have been found not to contradict the other provisions of the policy, but rather qualify the other provisions. *See* Annot. 45 A.L.R.3d 288 (1972).

*Aetna Fire Underwriters Ins. Co. v. Williams*,  422 So.2d 7, 9 (Fla.App. 2 Dist.1982).

The court finds that any claim sounding in workers' compensation is excluded from

coverage under the terms of the plaintiff's policy.

### 3.  Employer Liability Exclusion/Negligence Claims

The court next considers Burnell's negligence claims and whether these claims

are excluded from coverage under the terms of the insurance policy.  The parties

agree that the Employer Liability Exclusion precludes coverage for Burnell's claims

against defendant Bumble Bee Express, LLC.  However, the Bumble Bee defendants

argue that the Employer Liability Exclusion does not apply to defendant Burnell's

---

that Bumble Bee Express, LLC, Sherry A. Tehrani and Magid M. Tehrani all were his employers.  *See* plaintiff's exhibit A, ¶ 6.

claims against Sherry Tehrani because she was not his employer at the time of the
accident. Defendant's response, at 7. The only coverage for Sherry Tehrani through
the CGL policy is as a member of the LLC, and not in her individual capacity. The
policy specifically defines as insured as:

> 1. If you are designated in the Declarations as: ....
>     c. A limited liability company, you are an insured. Your
>     members are also insureds, but only with respect to the
>     conduct of the your business.

Plaintiff's exhibit C. Defendants admit that Burnell was employed by Bumble Bee
Express LLC.

Additionally, the Fellow Employee Exclusion precludes coverage for those
claims. It states:

> This insurance does not apply to any of the following:

> **5. Fellow Employee**

> "Bodily injury" to any fellow "employee" of the "insured" arising out of
> and in the course of the fellow "employee's" employment or while
> performing duties related to the conduct of your business.

Plaintiff's exhibit C. In the underlying state court litigation, Burnell asserts the
Tehranis were responsible for maintaining and repairing his vehicle, but failed to do
so after he informed them of several defects in the vehicle. The Bumble Bee
defendants assert that Burnell was an employee of Bumble Bee Express, LLC, and
not an employee of Sherry Tehrani. Defendant's response, at 7. Assuming that

14

Maghid Tehrani and Sherry Tehrani qualify as employees of Bumble Bee Express, LLC, the above exclusion clearly excludes coverage for Burnell's claims against them as employees of Bumble Bee.  The wrongful conduct alleged, negligent failure to maintain the vehicle, directly arises out of the course of the insured's business.  Any coverage afforded to Sherry Tehrani and Maghid Tehrani as members of the insured limited liability company is not extended to any status they have as employees of the company.  *See Home Indemnity Co. v. Reed Equipment Co., Inc.*, 381 So.2d 45, 51 (Ala.1980).

Based on the foregoing, the court finds that the Employer Liability Exclusion bars coverage for defendant Burnell's claims against Sherry Tehrani and Bumble Bee Express LLC.  The purpose of this exclusion is to prevent the auto liability coverage from serving as workers' compensation insurance.  The relevant exclusion here states that coverage is excluded for "bodily injury" to an "employee" of any "insured" arising out of and in the course of employment by any "insured" or performing the duties related to the conduct of any "insured's business.  Any coverage provided to Sherry Tehrani by the policy is through her status as a member of the LLC, and not as an individual.  Whether Sherry Tehrani was defendant Burnell's employer is irrelevant under the plain language of the policy, because Burnell was injured while in the course of his employment by Bumble Bee Express, LLC, and any insured status

15

afforded to defendant Sherry Tehrani by the policy in question is provided solely based on her status as a member of the LLC.

### 4.   Aircraft, Auto or Watercraft Exclusion

Plaintiff asserts the further exclusion for Aircraft, Auto or Watercraft, detailed above, also excludes coverage for defendant Burnell's claims.  Plaintiff's brief, at 20-21.  The language of the exclusion states that the exclusion applies "even if the claims against any insured allege negligence ....by that insured, if the 'occurrence' which caused the "bodily injury' ... involved the ownership, maintenance [or] use ... of any ... 'auto' ... that is owned or operated by or rented or loaned to any insured."  Exhibit C to plaintiff's motion for summary judgment.   The court finds this exclusion applies to the underlying state law claims to prevent the CGL policy from providing coverage.

## B.  The MCS-90 Endorsement

The Bumble Bee defendants also assert that the MCS-90 Endorsement contained in the policy provides coverage.   The Federal Motor Carrier Safety Regulations require minimum levels of insurance for motor carriers engaged in the interstate transportation of property. *See* 49 C.F.R. § 387.  To ensure compliance, the Interstate Commerce Commission prescribes a form endorsement, the MCS-90.  That endorsement states:

16

In consideration of the premium stated in the policy to which this endorsement is attached, the insurer (the company) agrees to pay, within the limits of liability described herein, any final judgment recovered against the insured for public liability resulting from negligence in the operation, maintenance or use of motor vehicles subject to the financial responsibility requirements of Sections 29 and 30 of the Motor Carrier Act of 1980 regardless of whether or not each motor vehicle is specifically described in the policy.... Such insurance as is afforded for public liability does not apply to injury to or death of the insured's employees while engaged in the course of their employment, or property transported by the insured, designated as cargo.

It is understood and agreed that no condition, provision, stipulation, or limitation contained in the policy, this endorsement, or any other endorsement thereon, or violation thereof, shall relieve the company from liability or from the payment of any final judgment, within the limits of liability herein described.... However, all terms, conditions, and limitations in the policy to which the endorsement is attached shall remain in full force and effect as binding between the insured and the company. The insured agrees to reimburse the company for any payment made by the company on account of any accident, claim, or suit involving a breach of the terms of the policy, and for any payment that the company would not have been obligated to make under the provisions of this policy except for the agreement contained in this endorsement.

It is further understood and agreed that, upon failure of the company to pay any final judgment recovered against the insured as provided herein, the judgment creditor may maintain an action in any court of competent jurisdiction against the company to compel such payments.

Exhibit 1 to defendants' response.  This endorsement must accompany "any liability policy issued to a registered motor carrier pursuant to 49 U.S.C. §§ 13906(a)(1), 31139(b)(2) and 49 C.F.R. § 387."  *T.H.E. Ins. Co. v. Larsen Intermodal Servs., Inc.*, 242 F.3d 667, 670 (5th Cir.2001).  Interpretation of this endorsement is governed by

federal law.  *Minter v. Great American Ins. Co. of New York,*  423 F.3d 460, 470 (5th

Cir.2005).

Other courts have succinctly explained that "an insurer's responsibilities under

the endorsement are triggered when the policy to which it is attached does not provide

coverage to the insured."  *Canal Ins. Co. v. Underwriters at Lloyd's London,* 435

F.3d 431, 442 n. 4 (3rd Cir.2006).  See also *T.H.E. Insurance Co.*, 242 F.3d at 673

(concluding that "when the protection of injured members of the public is not at stake,

the MCS-90 and the relevant federal regulations do not address coverage for the

purpose of disputes between the insured and the insurer"); *John Deere Ins. Co. v.

Nueva*, 229 F.3d 853, 858 (9th Cir.2000) (concluding "that the integral purpose of the

MCS-90, to protect third party members of the public, is not implicated in a dispute

between two insurers"), cert. denied, 534 U.S. 1127, 122 S.Ct. 1063, 151 L.Ed.2d 967

(2002).

The MCS-90 endorsement defines "public liability" as "liability for bodily

injury..."  It defines "bodily injury" as "injury to the body, sickness, or disease to any

person, including death resulting from any of these."   The endorsement further

provides that "[s]uch insurance as is afforded for public liability does not apply to

injury to or death of insured's employees while engaged in the course of their

employment...."  Canal therefore asserts that the endorsement provides no coverage

for Burnell's injuries..[5]  The court agrees.  The MCS-90 was not intended to supplant workers' compensation insurance for employees, but rather to ensure coverage for injuries to individuals other than employees of the company.   The court therefore finds the claims of defendant Burnell to be outside the coverage of the MCS-90 endorsement.

## CONCLUSION

Having considered the foregoing, the court is of the opinion that the plaintiff's motion for summary judgment is due to be granted, as a matter of law, for the reasons set forth herein.  Therefore, the court shall enter judgment in favor of the plaintiff and against all defendants on the sole count of the plaintiff's complaint, the court finding no genuine issues of material fact remain and that the plaintiff is entitled to judgment in its favor and against the defendants as a matter of law.

**DONE** and **ORDERED** this the 2nd day of June, 2009.

INGE PRYTZ JOHNSON
U.S. DISTRICT JUDGE

---

[5]The federal Motor Carrier Safety Regulations, defines an employee as "any individual, other than an employer, who is employed by an employer and who in the course of his or her employment directly effects commercial motor vehicle safety."  See 49 C.F.R. § 390.5.

19